UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREDA GOLDEN,<br><br>             Plaintiff,<br><br>   vs.<br><br>HUBBELL INCORPORATED, a Connecticut corporation, also known as HUBBELL LIGHTING, INC., a Connecticut corporation, and HUBBELL INCORPORATED RETIREMENT PLAN FOR COLLECTIVELY BARGAINED HOURLY EMPLOYEES, an employee benefit plan,<br><br>             Defendants. | NO.  CV-07-0370-LRS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the court is Defendants Hubbell Incorporated ("Hubbell") and Hubbell Incorporated Retirement Plan for Collectively Bargained Hourly Employees (the "Plan") Motion to Dismiss (Ct. Rec. 9), filed January 31, 2008, and noted without oral argument.  Defendants requests an order dismissing Plaintiff Andrea Golden's suit pursuant to Fed.R.Civ.P. 12(b)(6) because Hubbell is not a proper defendant in this action and Plaintiff failed to exhaust the mandatory administrative remedies available to her under the terms of the Plan.

**I. BRIEF FACTUAL BACKGROUND**

Plaintiff, appearing *pro se*, seeks retirement benefits of her now deceased ex-husband Plan participant[1] Franklin Jones ("Jones") whom

---

[1] Jones was a participant in the Plan through his employment at Columbia Lighting, Inc.  Hubbell, Inc. is the parent company of Hubbell Lighting, into which Columbia Lighting merged.

ORDER - 1

...

Plaintiff divorced in 2002. On or around May 15, 2007, Plaintiff's attorney at the time and the Plan's manager Lisa Gibson communicated about Plaintiff's rights under the plan. Ms. Gibson informed Plaintiff's attorney that benefits are only paid to surviving spouses and that no survivor or death benefits were available to Plaintiff because Jones was single at the time of his death. Hametz Decl., Ex. 4.

On June 15, 2007, three months after Jones' death,[2] Plaintiff obtained a court order amending her prior divorce decree *nunc pro tunc*. The Amended Divorce Decree purports to vacate parts of the original Divorce Decree to the extent necessary to permit declaration and distribution of community property, including the pre-retirement death benefit. The Amended Divorce Decree also stated that Plaintiff was Jones' "surviving spouse" for the purpose of distribution of community property.

Plaintiff then sent copies of the Amended Divorce Decree to Ms. Gibson. On August 7, 2007, Ms. Gibson wrote a letter to Plaintiff stating that she was in receipt of the letter and that Hubbell's legal counsel was reviewing the same. On August 15, 2007, Plaintiff, through her attorney, mailed Ms. Gibson another copy of the Amended Divorce Decree and attached copies of Jones' death certificate and two marriage certificates. On September 24, 2007 Plaintiff telephoned Ms/ Gibson and left a message asking whether she needed an application to

---

[2] Jones dies on March 15,2007 and Plaintiff was appointed Administrator of Jones' estate on April 18, 2007. That same day, Plaintiff delivered a certified cop of Jones' death certificate and her Letters of Administration to the human resource office at Columbia Lighting, Inc.

process her claim for retirement benefits. Ms. Gibson returned Plaintiff's call the next day, and left a voice mail informing Plaintiff that there was no need to send an application presently and that their attorneys were still reviewing the information she had sent in. Complaint ¶ 24.

Outside counsel for the Plan sent a letter to Plaintiff's attorney on November 21, 2007 informing that the Amended Divorce Decree was not a qualified domestic relations order ("QDRO") under ERISA because no pre-retirement survivor annuity was payable on Jones' death, and the posthumous designation of Plaintiff as the surviving spouse of Jones would require the Plan to pay a benefit that it would otherwise not be required to pay on Jones' death, thereby increasing benefits payable under the Plan in violation of ERISA's requirements for a QDRO. Struve Decl. ¶¶ 1-2, Ex. 1. The letter additionally explained that no benefits were payable under the Plan because the Amended Divorce Decree did not satisfy the technical requirements of a QDRO, in that it did not specify, among other things, the last known mailing address of Jones and Plaintiff. The letter further and notably stated:

> If Ms. Golden disputes this determination, she may file a claim for benefits under the terms of the Plan and ERISA in writing with Lisa Gibson, Retirement Plans Manager, Hubbell Incorporated 584 Derby Milford Road, P.O. Box 549 Orange, CT 06477-4024.

Struve Decl, Ex. 1.

## II. DISCUSSION

**A.    Motion to Dismiss Standards Under Rule 12(b)(6)**

In ruling on a motion to dismiss pursuant to FRCP 12(b)(6), the

ORDER - 3

Court takes all factual allegations set forth in the complaint as true and views them in the light most favorable to the plaintiff. See, e.g., *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir.2002); see also *Blowers v. Eli Lilly & Co.*, 100 F.Supp.2d 1265 (D.Hawaii 2000). A complaint or claim may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the complaint or claim that would entitle him or her to relief. See *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).

**B.  Hubbell Incorporated is an Improper Defendant**

Defendants assert that Plaintiff's claims against Hubbell should be dismissed because Hubbell is not a proper defendant to this action. Defendants state that Hubbell is not an entity that can be sued for the benefits Plaintiff seeks under 29 U.S.C. §1132.  ERISA provides that a cause of action to recover benefits under this statute may be brought only against an employee benefit plan.  See 29 U.S.C. §1132(d)(1).  While the Ninth Circuit has permitted lawsuits against Plan Administrators, Hubbell is neither a plan Administrator nor the employee benefit plan itself.  Defendants urge the Court to dismiss Plaintiff's claims against Hubbell.

Plaintiff, in opposition, argues that under the Hubbell retirement plan, the company or its delegate is the plan administrator insofar as determining whether a claimant is eligible for benefits. Ct. Rec. 21 at 2.   Hubbell Inc., Plaintiff reasons, is a proper defendant to this action pursuant to *Everhart v. Allmerica Fin. Life. Ins. Co.*, 275 F.3d 751, 754 (9th Cir.2001) and the Hubbell retirement

ORDER - 4

plan.

The Court finds that the Ninth Circuit case law permits claimants to bring ERISA actions to recover benefits against the Plan or plan administrators. The question becomes whether Hubbell can be considered a plan administrator. The Sixth Circuit has held that an employer is not a proper defendant in an action for benefits under ERISA unless it is "shown to control administration of a plan". *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988). The Court does not find that the plan participant's employer, Hubbell, is the party that controls the plan based on Sections 9.01 and 9.02 of the Plan. These sections clearly give the Retirement Committee full power to carry out (control) the provisions of the Plan. Section 9.01 of the Plan states:

> The Retirement Committee shall be the Plan Administrator and shall have all such powers as may be necessary to carry out the provisions of the Plan."

Ct. Rec. 19, Ex. 3.

The Court finds Hubbell is not a proper defendant and Plaintiff's claims against Hubbell are dismissed.

**C. Plaintiff Failed to Exhaust Administrative Remedies**

Defendants argue that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies and avail herself of administrative procedures and protocols set forth in the Plan. Defendants argue, citing *Diaz v. United Agric.Employee Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir.1995) that the law governing ERISA claims firmly requires her to exhaust her administrative

ORDER - 5

remedies.

Plaintiff argues that, in effect, there was no administrative remedy available to her.  Plaintiff argues that she did make "application" for benefits although she argues that she was never told if an application "form" was required.  Plaintiff appears to confuse the Plan's administrative procedure and protocol with the process by which the Plan determines whether a domestic relations order is a QDRO.

The Court finds that Plaintiff has not exhausted her administrative remedies.  Plaintiff never made application although it is true she attempted to do so.  However, after Plaintiff submitted the Amended Divorce Decree to the Plan for consideration, the Plan consulted with its legal counsel to determine whether it was a QDRO. On November 21, 2007, after a reasonable period of time pursuant to federal law (29 U.S,C. §1056(d)(3)(G)(ii)), the Plan responded to Plaintiff's submissions, rejecting the Amended Divorce Decree for not being a valid QDRO.  Further, the November 21, 2007 to Plaintiff expressly informed her that if she disputed the determination, she could file a claim for benefits under the terms of the Plan and ERISA in writing with Lisa Gibson . . . " Struve Decl., Ex. 1.

Plaintiff has failed to exhaust all administrative remedies set forth in the Plan, including her right to appeal, before bringing a lawsuit.  Under the Plan, Plaintiff may not commence legal action until she has exhausted the administrative process set forth in the Plan. Ct. Rec. 19, Ex. 3.  Plaintiff's suit is premature.  The Plan contains a clear administrative protocol for adjudicating an

ORDER - 6

application for benefits and any appeals therefrom.  Plaintiff has not used these administrative procedures.  The law governing ERISA claims firmly requires the exhaustion of administrative remedies.

### III.  CONCLUSION

Plaintiff's claims against Hubbell are dismissed with prejudice because Hubbell is not a plan administrator nor the Plan itself. Plaintiff may bring suit against the Plan only after she has exhausted the Plan's administrative remedies, including an appeal.

**IT IS ORDERED:**

1. Defendants Hubbell Incorporated and Hubbell Incorporated Retirement Plan for Collectively Bargained Hourly Employees' Motion to Dismiss, **Ct. Rec. 9**, filed January 31, 2008, is **GRANTED**.  Plaintiff's claims against Hubbell Incorporated are **dismissed with prejudice**. Plaintiff's claims against the Hubbell Incorporated Retirement Plan for Collectively Bargained Hourly Employees are **dismissed without prejudice**.

2. The District Court Executive is directed to:

    (a) FILE THIS ORDER;

    (b) PROVIDE A COPY TO COUNSEL OF RECORD AND PRO SE PLAINTIFF;

    (c) ENTER JUDGMENT CONSISTENT WITH THIS ORDER; and

    (c) **CLOSE THIS FILE**.

DATED this 11th day of April, 2008.

*s/Lonny R. Suko*

                                                                          
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 7