UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREDA GOLDEN,<br><br>                    Plaintiff,<br><br>   vs.<br><br>HUBBELL INCORPORATED, a Connecticut corporation, also known as HUBBELL LIGHTING, INC., a Connecticut corporation, and HUBBELL INCORPORATED RETIREMENT PLAN FOR COLLECTIVELY BARGAINED HOURLY EMPLOYEES, an employee benefit plan,<br><br>                    Defendants. | NO.  CV-07-0370-LRS<br><br>**ORDER DENYING MOTION TO REOPEN CASE AND RECONSIDER** |

   **BEFORE THE COURT** is the Plaintiff's Motion to Reopen Case and Reconsider Order Granting Defendant's Motion to Dismiss (Ct. Rec. 27), filed April 21, 2008 and noted for hearing without oral argument on May 27, 2008.  Plaintiff asks the court to reconsider its order granting defendants' motion to dismiss.  Since all briefing is before the court at this time and has been fully considered, this order is now being entered.

   Motions for reconsideration serve a limited function.  Under the Federal Rules of Civil Procedure, motions for reconsideration may be made pursuant to Rule 59(e).  The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. School District No. 1J, Multnomah

ORDER - 1

County Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration is not appropriately brought to present arguments already considered by the Court. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Plaintiff does not argue that there has been a change of controlling law, or that new evidence is available, but expressly argues that the Court committed clear error of law or fact and reconsideration is necessary to prevent a manifest injustice. Ct. Rec. 28 at page 2.

Plaintiff argues for the first time that the decision of the Court should be reconsidered and set aside because the Amended Divorce Decree essentially had the effect of undoing her divorce from Jones. This cannot be reconciled with the allegations of Plaintiff's Complaint nor the plain meaning of the Amended Divorce Decree. The Amended Divorce Decree did not vacate Plaintiff's and Jones' divorce decree.

Plaintiff also argues that the Court erred by applying "Qualified Domestic Relations Order ("QDRO") law. Plaintiff contends that her application for retirement benefits was based upon, and should have been granted on the authority of, a death certificate which stated (incorrectly) that Golden was Jones' surviving spouse. Ct. Rec. 31 at pp. 2-3. The law is clear, however, that without a QDRO, a surviving spouse cannot be a beneficiary under an ERISA benefit plan. See 29 U.S.C. §1056(d).[1]

The undersigned judicial officer concludes that "clear error" did not occur in granting dismissal to defendants, there is no "manifest

---

[1] This court expresses no opinion concerning plaintiff's eligibility, or lack thereof, to obtain a QDRO in another forum.

ORDER - 2

injustice" to the plaintiff from that ruling, and new evidence has not been presented which would change the Court's earlier order. Plaintiff According, there is no basis for reconsideration of the Court's April 11, 2008 Order Granting Defendant's Motion to Dismiss, Ct. Rec. 26. Accordingly,

**IT IS ORDERED** that:

    1. Plaintiff's Motion to Reopen Case and Reconsider Order Granting Defendant's Motion to Dismiss, **Ct. Rec. 27**, filed April 21, 2008, is **DENIED**.

    2. The District Court Executive is directed to:

        (a) FILE THIS ORDER; and

        (b) PROVIDE A COPY TO COUNSEL OF RECORD AND PRO SE PLAINTIFF.

DATED this 20th day of May, 2008.

                                    *s/Lonny R. Suko*
                              _____
                                      LONNY R. SUKO
                             UNITED STATES DISTRICT JUDGE

ORDER - 3